## P. H. AND H. C. JOHNSON v. JAMES A. POAG.

1. No contract made by the husband for the sale of property conveyed to the wife by a third party during the marriage, can confer any right on one who had notice that it was the separate property of the wife, unless the express authority be shown from the wife to the husband to make such contract.

2. A sheriff's deed made to the purchaser at sale under a judgment of a State court after the judgment debtor has been adjudged a bankrupt confers no title.

3. Liens acquired by judgments in the State courts can only be enforced in the bankrupt court after an act of bankruptcy has been committed, or the judgment debtor declared a bankrupt.

APPEAL from Hunt. Tried below before the Hon. W. H. Andrews.

This suit was brought by Philip H. Johnson and his wife, Hannah C. Johnson, against James A. Poag, to re-cover a house and lots which were bought with two promissory notes, the separate property of Mrs. Johnson, and which were placed in the hands of Poag by her hus-

band for collection. With them Poag bought the prop‐
erty in question, as agent and attorney of Johnson and.
wife, and then rented it. Johnson and wife averred in.
their petition that Poag continued to act as their agent,
attorney, and tenant, up to the commencement of this
suit. This the evidence established. Poag set up as a·
defense that he had purchased the property from John‐
son and wife, and that he had also purchased an out‐
standing title at sheriff's sale under a judgment against
one A. G. Pace *et al.* and in favor of M. H. Wright. To·
this Johnson and wife, in their replication, answered that
Pace had gone into bankruptcy and the judgment of
M. H. Wright could not be enforced in the State courts,
and they offered to deduct the amount paid by Poag from
the· rents ·due from him. Both parties deraigned title·
through A. G. Pace. Verdict and judgment for Poag,.
from which the Johnsons appealed.

*James Farr & James J. Peters*, for appellants.

*Throckmorton & Brown*, for appellee.

WALKER, J.—It is sufficient to notice the first and sec‐·
ond assignments for error, both of which, we think, are·
well taken in this case.

If the property belonged to Hannah C. Johnson, as it·
seems it did—and of this the appellee must have had full
notice, for he purchased the property from A.. G. Pace·
for her, with her means, and had it deeded to her—in
that case no evidence of a contract of sale by P. H. John‐
son, her husband, could be· admitted to affect the rights·
of his wife without an express authority being shown
from her to him to make such contract ; and, moreover,.
this so called contract with P. H. Johnson was never car‐
ried out by reason of the default of the· appellee. There·
can be no doubt that the court also erred in refusing to·

admit in evidence Poag's letter to Pace, showing that Poag knew, at the time he claims to have purchased from P. H. Johnson, that the property belonged to his wife in her own right.

The evidence in this case is very strong to show that Poag was the attorney and agent of Mrs. Johnson throughout all the transactions affecting the title to this property, and, indeed, it appears by positive proof that Poag, at the time he purchased from M. H. Wright, taking a deed in his own name, was acting for Mrs. Johnson. S. S. Weaver and Samuel Davis, attorneys and witnesses, both swear to a state of facts going to establish this conclusion.

But by far the most material question for our considertion in this case arises upon the sale of Wright to Poag, which appears to have been a compromise, only fifty dollars being paid in consideration of the deed.

Wright's title was, under a sheriff's sale, made after Pace had been adjudged a bankrupt. And here we call attention to our opinion in the case of Garnett v. Smith, rendered at the last term of this court and not yet published. At the time we rendered that opinion but few cases of this kind had been adjudicated under the bankrupt act of March 2, 1867, and the cases referred to in that opinion undoubtedly support it. But since that adjudication there have been numerous decisions made by the Federal courts overruling the cases on which we based our opinion, and even now we have access to but few of the adjudicated cases. In the cases of Samson v. Berton *et al.*, 4 Bank. Reg., 1; *In re* Fuller, 4 Bank. Reg., 29; *In re* Vogel, 3 Bank. Reg., 49 ; *In re* Wallace, 2 Bank. Reg., 52 ; and Parks v. Atkinson & Campbell, and Parks v. Williams (unpublished) we find the rule laid down which the Federal courts evidently intend to follow, and we, in the interpretation of an act of Congress, must follow their

decisions. The case of Garnett v. Smith must, therefore, be considered as overruled.

Liens acquired by judgments in the State courts can only be enforced in the bankrupt court after an act of bankruptcy has been committed, or the judgment debtor declared a bankrupt. I must confess I cannot clearly reconcile the correctness of this rule with my own convictions of the rights of the State courts, but I can bow to the maxim *stare decisis*.

Applying this rule, then, to the case at bar, Wright purchased the property at sheriff's sale after Pace had been declared a bankrupt, and therefore got no title, nor does the appellee derive any title through Wright upon which, were he otherwise in a position to do so, could he dispute the title of Mrs. Johnson.

But if the evidence shows that Poag was the attorney or agent of Mrs. Johnson, and was moreover indebted to her for rent, he is not in a condition to dispute her title, even though he had purchased a valid outstanding title.

The judgment of the District Court must be reversed and the cause remanded.

REVERSED AND REMANDED.